IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN TAYLOR,<br><br>    Plaintiff,<br><br>    v.<br><br>WAL-MART STORES EAST, L.P.,<br><br>    Defendant. | 2:22-CV-00495-CCW |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Wal-Mart Stores East, L.P.'s ("Walmart") Motion for Summary Judgment. ECF No. 20. For the reasons that follow, the Court will DENY the Motion.

**I.    Background**

This case arises from a slip and fall that Plaintiff Jonathan Taylor suffered on August 7, 2020, while shopping at a Walmart store in Pittsburgh. ECF No. 22 ¶ 2; ECF No. 24 ¶ 2. As shown in video security footage of the incident, at approximately 7:55 p.m. Mr. Taylor entered the aisle where the incident occurred, guiding his shopping cart in front of him. ECF No. 23, Ex. E at 1:04:33. A substance is visible on the ground at the very end of the aisle. *Id.* After Mr. Taylor takes about five steps into the aisle and towards the substance, he encounters a Walmart employee coming from the other direction. *Id.* at 1:04:42. After a brief conversation, both the employee and Mr. Taylor begin to walk toward the spill. *Id.* at 1:04:47. Shortly thereafter, to avoid an oncoming customer, the employee walks in front of Mr. Taylor, who continues forward. *Id.* at 1:04:52. The employee then moves to the left, avoiding the spill. *Id.* at 1:04:54. Mr. Taylor, who is by then just in front of the spill, continues forward, reaches the substance, slips on it, and falls. *Id.* at 1:05:03.

The parties now agree that the substance in question was a blue liquid detergent that was "heavily on the floor covering a considerable area." ECF No. 22 ¶ 4; ECF No. 24 ¶ 4. They differ, however, as to what exactly happened as Mr. Taylor proceeded towards the spill. According to Walmart, its employee warned Mr. Taylor about the detergent. ECF No. 22 ¶ 21. Mr. Taylor disputes that account and testified at his deposition that the employee merely informed him of the location of Lysol wipes. ECF No. 24 ¶ 21; ECF No. 23-2 at 20:16–21:5, 23:6–9.[1] According to Mr. Taylor, he did not see the detergent until after he fell because the Walmart employee blocked his view. ECF No. 23-2 at 20:16–21:5; 35:19–36:5; 37:7–12. Mr. Taylor further explained that at the times his view was unobstructed, he may have been looking for items on the shelves. ECF No. 23-2 at 38:11–17.

Mr. Taylor filed his Complaint in Pennsylvania state court on February 17, 2022, asserting a single negligence claim against Walmart. ECF No. 1-1. Walmart removed the case to this Court based on diversity jurisdiction. ECF No. 1.[2] After the close of fact discovery, Walmart filed the instant Motion for Summary Judgment, arguing that Mr. Taylor cannot establish that Walmart owed a duty of care to Mr. Taylor. ECF No. 20. The Motion is now fully briefed and ripe for adjudication. *See* ECF Nos. 21, 25, 26.

---

[1] The employee in question was not deposed. Another Walmart employee, however, testified that the employee who Mr. Taylor encountered reported that he warned Mr. Taylor about the detergent. *See* ECF No. 22 ¶ 20. Mr. Taylor argues that the Court should not consider the other employee's testimony, which he says is inadmissible hearsay. ECF No. 25 at 7. The Court will not reach the hearsay issue, however, because it does not impact the outcome of this Motion. At best, that evidence would create a credibility contest between Mr. Taylor and Walmart's employees. At this stage, the Court must draw all inferences in favor of Mr. Taylor, the non-moving party. *See Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013). Accordingly, the Court will proceed as if Mr. Taylor is correct and Walmart's employee never warned him about the spill.

[2] The Court has diversity jurisdiction over this case because the parties are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); ECF Nos. 1, 1-1.

**II.     Standard of Review**

To prevail on a motion for summary judgment, the moving party must establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is 'genuine' if the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Razak v. Uber Techs., Inc.,* 951 F.3d 137, 144 (3d Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A factual dispute is 'material' if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *NAACP v. N. Hudson Reg'l Fire & Rescue*, 665 F.3d 464, 475 (3d Cir. 2011) (alteration omitted) (quoting *Matsushita Elect. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The burden to establish that there is no genuine dispute as to any material fact "remains with the moving party regardless of which party would have the burden of persuasion at trial." *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1080 (3d Cir. 1996) (internal quotation marks omitted). Furthermore, "[i]f the non-moving party bears the burden of persuasion at trial, 'the moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry that burden.'" *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (quoting *Wetzel v. Tucker*, 139 F.3d 380, 383 n.2 (3d Cir. 1998)).

Once the moving party has carried its initial burden, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 586–87 (internal quotation marks omitted). Thus, while "[t]he evidence of the nonmovant is to be believed, and all justifiable

3

inferences are to be drawn in his favor," *Anderson*, 477 U.S. at 255, "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings" and point to "specific facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted). But, while the court must "view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor . . . . to prevail on a motion for summary judgment, the non-moving party must present more than a mere scintilla of evidence." *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013) (internal quotation marks omitted). Instead, "there must be evidence on which the jury could reasonably find for the non-movant." *Id.* (cleaned up).

## III. Analysis

In its Motion for Summary Judgment, Walmart argues that Mr. Taylor's negligence claim fails because it owed no duty to protect Mr. Taylor from the spilled detergent, which was an obvious danger that he should have noticed and avoided. Mr. Taylor responds that genuine disputes of material fact foreclose Walmart's argument. The parties, who have cited only Pennsylvania law, implicitly agree that it controls. *See Commonwealth Cap. Corp. v. Getronics, Inc.*, 147 Fed. App'x 253, 254–55 (3d Cir. 2005) (instructing district courts to apply the state law that the parties "explicitly or implicitly" have chosen). This Court agrees with Mr. Taylor and will therefore deny Walmart's Motion.

Negligence occurs where the defendant breaches a duty of care owed to the plaintiff, causing damages. *See Farabaugh v. Pa. Tpk. Comm'n*, 911 A.2d 1264, 1272–73 (Pa. 2006). In premises liability cases like this one, the duty owed turns on the plaintiff's status. *See id.* at 1272–73. Here, the parties agree that Mr. Taylor was Walmart's "invitee," because he was on Walmart's property as a customer. *Belusko v. R.E. Crawford Constr., LLC*, No. CV 3:19-790, 2021 WL

1172981, at *6 (M.D. Pa. Mar. 29, 2021) (defining "invitee" under Pennsylvania law). "The duty owed to a business invitee is the highest duty owed to any entrant upon land." *Dahl v. Sam's E., Inc.*, 258 A.3d 485, 2021 WL 2287438, at *3 (Pa. Super. 2021) (table op.) (quoting *Truax v. Roulhac*, 126 A.3d 991, 997 (Pa. Super. 2015)). Pursuant to that duty, possessors of land must exercise reasonable care to protect invitees where the possessor:

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

*Carrender v. Fitterer*, 469 A.2d 120, 123 (Pa. 1983) (quoting Restatement (Second) of Torts § 343 (Am. L. Inst. 1965). Conversely, possessors of land owe invitees no duty to protect against conditions "whose danger is known or obvious to [the invitee], unless the possessor should anticipate the harm despite such knowledge or obviousness." *Id.* (quoting Restatement (Second) of Torts § 343A (Am. L. Inst. 1965)).

Walmart's argument is that the spilled detergent was indisputably an "obvious" danger for which it owed no duty of care. In the premises-liability context, "'[o]bvious' means that both the condition and the risk are apparent to and would be recognized by a reasonable [person], in the position of the visitor, exercising ordinary perception, intelligence, and judgment." Restatement (Second) of Torts § 343A (Am. L. Inst. 1965) cmt. b; *Carrender*, 469 A.2d at 123. According to Walmart, a reasonable person in Mr. Taylor's position exercising ordinary perception, intelligence, and judgment, would have seen a large blue spill in the aisle in front of him, appreciated the potential danger, and avoided it. For support, Walmart points to the surveillance footage and Mr. Taylor's testimony that he was looking at items on the shelves, and cites cases applying the principle that "[i]t is hornbook law in Pennsylvania that a person must look where he is going." *Villano v. Sec. Sav. Ass'n*, 407 A.2d 440, 441 (Pa. Super. 1979).

Here, Mr. Taylor testified that he never saw the detergent spill because the Walmart employee he encountered blocked his view. ECF No. 23-2 at 20:16–21:5; 35:19–36:5; 37:7–12; *see also* ECF No. 25 at 5. Mr. Taylor acknowledged that there were periods when he had an unobstructed view of the spill but claimed that he still did not notice the spill, perhaps because he was looking at items on the shelves. ECF No. 23-2 at 38:11–17. The video evidence confirms Mr. Taylor's testimony. It shows that as Mr. Taylor entered the aisle, there is a puddle on the floor at the aisle's far end. ECF No. 23, Ex. E at 1:04:33. After Mr. Taylor takes about five steps, however, the video shows a Walmart employee approach Mr. Taylor and obstruct his view of the far end of the aisle. *Id.* at 1:04:42. At about the aisle's midway point, there is another brief period during which Mr. Taylor had an opportunity for an unobstructed view of the detergent before the employee cuts in front of Mr. Taylor and the spill is no longer visible to him. *Id.* at 1:04:47–:52. By the time the employee moves left to avoid the detergent, Mr. Taylor's cart is nearly on top of the spill, such that his view is obstructed. *Id.* at 1:04:54. Thus, there were two points at which Mr. Taylor could have seen the detergent: first, when he entered and first began walking up the aisle, and second, the brief period in the middle of the aisle before the Walmart employee cut in front of him.

The Court finds that reasonable jurors could disagree as to whether, under the circumstances, the puddle of detergent was an obvious danger. To begin, a reasonable person in Mr. Taylor's position would not perceive the puddle of detergent while his view was blocked, such that it was not an obvious danger based on those periods. Similarly, a reasonable juror could find that the detergent was not obvious at the time of Mr. Taylor's first unobstructed viewing opportunity, when he was at the far end of the aisle. Although Mr. Taylor certainly had a general obligation to "look where he is going," the caselaw does not support the proposition that Mr.

6

Taylor's obligation extended so far as to require him to be aware of dangers at the far end of a relatively lengthy department-store aisle. *Cf. Campisi v. Acme Mkts., Inc.*, 915 A.2d 117, 121 (2006) (customers must look before exiting an aisle); *Graham v. Moran Foods, Inc.*, No. CIV.A. 11-239, 2012 WL 1808952, at *4 (E.D. Pa. May 18, 2012) (pallet in aisle was obvious because plaintiff would have seen it if she had looked before taking four or five steps back and tripping over it).

Mr. Taylor's second unobstructed viewing opportunity presents a closer question, but the Court reaches the same conclusion. On the one hand, at that point Mr. Taylor was at the aisle's midpoint and a reasonable juror might think that a reasonable person in Mr. Taylor's position should have noticed the blue spill at the end of the aisle. On the other hand, there are factors suggesting that a reasonable person exercising ordinary perception would not have seen the spill. For instance, Mr. Taylor's second unobstructed viewing opportunity lasted only a few seconds. And consistent with the obligation to look where one is going, a reasonable person may have been focused on the ground immediately ahead of him, not the end of the aisle. Mr. Taylor, moreover, may have been distracted by the Walmart employee directing him to the cleaning products that Mr. Taylor was shopping for. *See Pusateri v. Wal-Mart Stores E., L.P.*, --- F. Supp. 3d ---- , 2022 WL 17821614, at *4 (W.D. Pa. 2022) (Kelly, M.J.) (summary judgment unwarranted where plaintiff was distracted by employee walking towards her). Ultimately, the balancing of these factors is an exercise for the jury, such that summary judgment is unwarranted: "it is generally inappropriate to grant summary judgment when factual disputes exist regarding the obviousness of a given condition. This is true even where a plaintiff has admitted that they were distracted or were not looking where they were going." *Nixon v. Fam. Dollar Stores of Pa., LLC*, No. 4:20-CV-00404, 2021 WL 2015188, at *5 (M.D. Pa. May 20, 2021) (collecting cases).

The Court is unpersuaded by Walmart's contrary arguments. According to Walmart, *Thomas v. Fam. Dollar Stores of Pa., LLC*, No. CV 17-4989, 2018 WL 6044931, at *1 (E.D. Pa. Nov. 19, 2018), is "directly on point" and favors Walmart. *See* ECF No. 21 at 11. There, the court considered a similar slip-and-fall where the invitee slipped on a "thick, yellow substance" in a store's detergent aisle. *Thomas*, 2018 WL 6044931, at *1. The evidence showed that the invitee's view of the substance was unobstructed, and that the invitee did not see it because she was looking at items on the shelves. *Id.* In granting summary judgment in favor of the defendant, the Court applied the general rule that invitees must look where they are going but was careful to note that there were "no visual obstructions surrounding the liquid," which the court concluded was an obvious danger. *Id.* at *3. Here, by contrast, there are significant periods of time when a Walmart employee obstructed Mr. Taylor's view of the blue detergent, underscoring the need for a jury to determine whether a reasonable person would have seen the spill.

The Court is similarly unpersuaded by Walmart's argument that Mr. Taylor's admission that he may have been looking at items on the shelves when he had an otherwise unobstructed view of the detergent is fatal to his negligence claim. As stated in the caselaw that Walmart itself relies on, Pennsylvania courts recognize that "in certain circumstances customers are required to pay less attention to the placement of their feet when distracted by goods on display." *Graham*, 2012 WL 1808952, at *4.[3] To be sure, there are also cases that have granted judgment to a defendant based in part on similar admissions to Mr. Taylor's, but those cases involved circumstances that made it particularly important for the invitee to watch his step. In *Graham*, for

---

[3] *See Rogers v. Max Azen, Inc.*, 16 A.2d 529, 531 (Pa. 1940) ("It is true that a less degree of attention in the placement of feet is required of customers in stores" who are distracted by goods and displays "than is required of pedestrians on sidewalks."); *Zito v. Merit Outlet Stores*, 647 A.2d 573, 575 (Pa. Super. 1994) (jury issue existed where "defendants created an environment which was designed to attract the shoppers' attention to various displays . . . . prevent[ing] the plaintiff from seeing the ramp" that she tripped on); *see also* Restatement (Second) of Torts § 343A cmt. f.

8

example, the court concluded that taking steps backwards is a circumstance where an invitee cannot claim that he was distracted by goods to avoid summary judgment. *Graham*, 2012 WL 1808952, at *4; *see also Villano*, 407 A.2d at 441, 443 (climbing stairs and entering commercial building). Similarly, in *Campisi*, the court noted that exiting an aisle is a time when the "likelihood of danger" is increased, such that a plaintiff cannot claim that a danger was not obvious because he was distracted by displays. 915 A.2d at 121. Here, by contrast, Mr. Taylor slipped while walking down an otherwise innocuous aisle, which does not implicate the special circumstances involved in *Graham*, *Campisi*, and similar cases. *See Nixon*, 2021 WL 2015188, at *5 (summary judgment is generally unwarranted "even where a plaintiff has admitted that they were distracted or were not looking where they were going").

Because there are genuine disputes of material fact as to whether the blue detergent that Mr. Taylor slipped on was an obvious danger, the Court cannot rule that, as a matter of law, Walmart owed Mr. Taylor no duty of care. Summary judgment, accordingly, is unwarranted.

**IV.     Conclusion**

For the foregoing reasons, Wal-Mart's Motion for Summary Judgment is DENIED.

DATED this 2nd day of March, 2023.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record